UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KEITH FISHBERG,

                              Plaintiff,

        -against-

STATE FARM FIRE AND CASUALTY COMPANY,

                            Defendant.

-------------------------------------------------------------X

**STIPULATION AND CONFIDENTIALITY ORDER**

Docket No.: 1:20-cv-06664(LJL)

THIS STIPULATION AND CONFIDENTIALITY ORDER is made on this 20th day of September, 2021, between and among the parties and whose authorized counsel and/or representatives have executed this Stipulation and Confidentiality Order.

    a)    The following documents and information may be designated as "confidential" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it who are also bound by a similar confidentiality order or agreement [check all that apply] :

    __X__ Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

    ____ Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

    ____ Medical and Legal Records, including medical files and reports.

    ____ Non-public criminal history.

    b)    If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

    c)    An attorney for the producing party may designate documents or parts thereof by marking each document containing Confidential Material with the legend "**CONFIDENTIAL**" or "**CONFIDENTIAL INFORMATION**" provided said documents meet the criteria of paragraph

1

(a) above. If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices '**CONFIDENTIAL**,' and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at a deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter

d)  Documents designated "**CONFIDENTIAL**" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. Before confidential documents are shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this order by signing a document substantially in the form of Exhibit "A." If such person refuses to sign a document substantially in the form of Exhibit "A," the party desiring to disclose the confidential information may seek appropriate relief from the Court. The parties agree that any discovery material produced in this litigation and designated as confidential or for attorney's eyes only may only be used in connection with this litigation. Regardless of any provisions to the contrary, the Court shall fashion the protection for confidential documents to be used at trial or in connection with a motion and the burden is upon the party seeking confidentiality to demonstrate that such designation is proper.

e)  Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

f)  The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

g)  If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

   h)  If a party wishes to file in Court a document designated as "**CONFIDENTIAL**", the party shall comply with Section 6 of the Southern District of New York's Electronic Case Filing Rules and Instructions for Civil and Miscellaneous Cases, located at https://nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20020121%20FINAL.pdf or as otherwise ordered by the Court.

   i)  Any and all copies of Confidential Information shall be returned to counsel of record for the producing party within forty-five (45) days after the completion of this action against all parties (unappealed or unappealable final judgment or dismissal), or alternatively, counsel of record for the non-producing party can certify that the Confidential Information was destroyed. Counsel of record shall deliver certification of compliance to counsel for the producing party within sixty (60) days after final termination of this litigation against all parties, indicating that the documents have been either returned or destroyed after notice. Counsel for the receiving party has a duty to destroy said materials irrespective of whether or not counsel for the producing party has inquired whether said materials have been destroyed.

   j)  Nothing in this Stipulation and Confidentiality Order shall be construed to limit State Farm Fire and Casualty Company ("State Farm") in its use of Confidential Information or from disclosing the same; with the exception that the rules with which the receiving party's counsel must abide when submitting Confidential Information to the Court also applies to the producer's counsel of record. This Stipulation and Confidentiality Order shall not be construed as affecting any party's regular business practices for destruction of documents or State Farm's retention obligations under applicable insurance regulations, any evidentiary hold orders in connection with other litigation, and statutory requirements such as applicable statutes of limitations. This Stipulation and Confidentiality Order shall not be construed against State Farm in a way that prohibits, restricts, or requires State Farm to obtain an authorization for the retention, use, or disclosure of nonpublic confidential materials and records as authorized or as reasonably required by federal or state law or regulation, or court order or rule, including, but not limited to, in a market conduct review, to Medicare authorities if reporting is applicable, to a third-party for analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark) in reporting for rate-making or otherwise, and in paperless electronic claims systems for permissible insurance functions.

   k)  The Stipulation and Confidentiality Order shall only apply to documents produced following the execution of the Stipulation and Confidentiality Order by the parties.

   l)  In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper and of its entitlement to the protection it seeks. Labelling or designating a document as confidential is to be given no weight in the determination.

   m)  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder during the pendency of this case.

n)  This Stipulation and Confidentiality Order may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one in the same instrument.

Dated: September 23, 2021
New York, NY

_____
HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

CONSENTED TO BY COUNSEL:

Dated: September 17, 2021

HARFENIST KRAUT & PERLSTEIN LLP

_____
Steven J. Harfenist
Meredith B. Castelli
*Attorneys for Plaintiff*

RIVKIN RADLER LLP

_____
Michael A. Troisi
*Attorneys for Defendant State Farm Fire and Casualty Company*

4

EXHIBIT "A"

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter *Keith Fishberg v. State Farm Fire and Casualty Company*, Case No. 1:20-cv-06664(LJL), have been designated as confidential. I have been informed that such documents or information labeled **"CONFIDENTIAL"** are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____

Signed in the presence of:

_____ (Attorney)